UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PAUL EDWARD GOINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:15-CV-240-TWP-MCLC |
| | ) | |
| ROBBIE GOINS, CAPTAIN ERIC JONES, | ) | |
| and LT. RANDY COMER | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM AND ORDER

This is a prisoner's pro se civil rights action under 42 U.S.C. §1983. This matter is before the Court upon postal return of an order the Court mailed to Plaintiff at the address Plaintiff provided to the Court. The postal authorities returned two pieces of the mail to the Court more than ten days ago [Docs. 4 and 6]. Both pieces of mail were returned to the Court with envelopes marked "Return to Sender, Refused, Unable to Forward" [Doc. 4 p. 1; Doc. 6 p. 1]. Accordingly, it is clear that Plaintiff has failed to provide the Court with notice of his correct address and, without his correct and current address, neither the Court nor Defendants can communicate with him regarding his case.

Accordingly, this action will be **DISMISSED** for failure to prosecute. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, No. 01-229234, 34 F.App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

**E N T E R :**

                                      s/ Thomas W. Phillips
                              SENIOR UNITED STATES DISTRICT JUDGE